FILED
United States Court of Appeals
Tenth Circuit

October 19, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN LOPEZ-GAMEZ,

Defendant-Appellant.

No. 07-2016
(D.C. No. CR-05-2266 JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Juan Lopez-Gamez pled guilty to one count of possession with intent to

distribute 500 grams or more of a substance containing methamphetamine. The

district court sentenced him to 120 months imprisonment, followed by five years

of unsupervised release. On appeal, Mr. Lopez-Gamez's counsel filed an *Anders*

brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738

---

\* After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1967). Mr. Lopez-Gamez subsequently filed *pro se* a response contending that he did not knowingly and voluntarily plea guilty because his written plea agreement was ambiguous and misleading. The government declined to file a brief. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss this appeal.

\* \* \*

In September 2005, police found Mr. Lopez-Gamez, along with his co-defendant Elvira Vidal, in possession of a substantial quantity of methamphetamine, apparently destined for distribution. Federal prosecutors filed a one-count indictment, charging Mr. Lopez-Gamez with possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. That charge carries a statutory range of punishment of 10 years to life imprisonment.

Represented by appointed counsel, Mr. Lopez-Gamez negotiated a plea agreement with the government. Under the agreement, Mr. Lopez-Gamez admitted guilt, waived his right to a trial, waived his right to appeal both any conviction and any sentence that he would receive, and agreed to provide truthful and complete information to the Probation Office. In exchange, the government agreed that it would not bring any additional charges based on conduct then known to the U.S. Attorney's Office in the District of New Mexico, and the government stipulated that Mr. Lopez-Gamez was entitled, under the United

States Sentencing Guidelines ("Guidelines"), to a two-level reduction to his base offense level for being only a minor participant, *see* U.S.S.G. § 3B1.2, and to a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1. More importantly perhaps, the government stipulated that Mr. Lopez-Gamez may be eligible for the safety valve provisions in 18 U.S.C. § 3553(f), which would enable the district court to sentence Mr. Lopez-Gamez to a Guidelines range less than the statutory minimum 10 years, and would also afford Mr. Lopez-Gamez an additional two-level reduction under the Guidelines.

In May 2006, Mr. Lopez-Gamez pled guilty, and the parties submitted their plea agreement to the district court. Under the Guidelines, Mr. Lopez-Gamez's conviction carried a base offense level of 31. *See* U.S.S.G. § 2D1.1. Accounting for the minor participant and acceptance of responsibility reductions, the final offense level suggested by the Guidelines was 26. Because of a prior criminal conviction, Mr. Lopez-Gamez was classified at criminal history category level I. That total offense level and criminal history category produced a proposed Guidelines sentencing range of 63 to 78 months imprisonment. But without the benefit of the Section 3553(f) safety valve provision, the district court would be required to sentence Mr. Lopez-Gamez to at least the statutory minimum 120 months (10 years). *See* U.S.S.G. § 5G1.1.

Eligibility for a safety valve sentence reduction requires, among other things, that the defendant "truthfully provide[] to the Government all information

and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). Although the record provides few details, it seems that at some point before sentencing, Mr. Lopez-Gamez's compliance with that requirement came into doubt. At the sentencing hearing, Mr. Lopez-Gamez's counsel explained that any failure to be completely forthcoming with the government was only a result of the "obstinacy" of Ms. Vidal (the co-defendant) and Mr. Lopez-Gamez's attempts to protect her, but that Mr. Lopez-Gamez had always been truthful and should still be eligible for the Section 3553(f) safety valve. *See* Sentencing Tr. at 2-3. The district court, however, found Mr. Lopez-Gamez ineligible for the safety valve, and so sentenced him to the statutory minimum 120 months. Mr. Lopez-Gamez filed a timely notice of appeal.

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an

> examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel for Mr. Lopez-Gamez represented that appeal in this case would conceivably be meritorious only if (1) the waiver of right to appeal in the plea agreement were not valid or applicable to this appeal; (2) the guilty plea were not voluntary; or (3) Mr. Lopez-Gamez received ineffective assistance of counsel. Counsel stated, however, that he could find no basis in law or fact for these arguments on direct appeal. Additionally, we understand Mr. Lopez-Gamez's response to principally echo point (2), arguing that the plea agreement was ambiguous and misleading, and therefore his guilty plea and his assent to the plea agreement were not knowing and voluntary.[1] After conducting a full examination of the record, we agree with counsel that there is no basis in law or fact for any of these arguments.

1. Counsel states that Mr. Lopez-Gamez waived, in his plea agreement, the right to appeal his conviction or sentence, and that appeal in this case is thus foreclosed unless we find the waiver to be invalid. We agree that such waiver of appeal rights may well have compelled us to summarily dismiss this appeal if we were to find the waiver valid and applicable under the three-prong analysis set

---

[1] As a *pro se* filing, we give solicitous consideration to Mr. Lopez-Gamez's response. *See Van Deelen v. Johnson*, __ F.3d __ , 2007 WL 2309778, at *1 n.1 (10th Cir. 2007)

forth in *United States v. Hahn*, 359 F.3d 1315, 1324-28 (10th Cir. 2004) (en banc). In this instance, however, the government failed to ask this court to enforce the appeal waiver and, by so doing, has foregone the opportunity to receive the benefit of that waiver. *See Calderon*, 428 F.3d at 930-31 ("Although the government is accorded flexibility in the form of its request for enforcement of an appeal waiver, . . . the waiver is waived when the government utterly neglects to invoke the waiver in this Court."). As such, we are obliged to address the merits of the other claims raised by counsel's *Anders* brief and by Mr. Lopez-Gamez's response rather than dismiss the appeal based solely on the waiver.

2. A valid guilty plea (and plea agreement) must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. Mr. Lopez-Gamez argues that his plea and plea agreement are invalid because the agreement misled him into believing that he would receive a Guidelines sentence below the statutory minimum 120 months, pursuant to the Section 3553(f) safety valve. We disagree that the plea agreement was in any way ambiguous about Mr. Lopez-Gamez's sentencing possibilities. The agreement repeatedly specified that Mr. Lopez-Gamez was subject to the possibility of being sentenced pursuant to the statutory mandatory minimum. *See* Plea Agreement ¶ 4 ("The Defendant understands that the minimum and maximum penalty the Court can impose is: a) imprisonment for a period of Ten (10) years to Life . . . ."); *id.* ¶ 5 ("Notwithstanding [the

Guidelines], the Defendant fully understands that no one can predict with certainty what sentence the Court will impose."); *id.* ¶ 10 ("[T]he Defendant understand[s] that the above stipulations [regarding offense level reductions and Section 3553(f) safety valve eligibility] are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court . . . . Further, the Defendant understands and agrees that the Court may choose to deviate from the advisory guideline sentence. In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely in the reasonable discretion of the Court."); *id.* ¶ 15 ("There have been no representations or promises from anyone as to what sentence the Court will impose."). We fail to find any ambiguity in these statements or in the plea agreement as a whole, and therefore reject Mr. Lopez-Gamez's assertion that the agreement misled him.

We further find no evidence to otherwise indicate that Mr. Lopez-Gamez's guilty plea and his assent to the plea agreement were not voluntary, knowing, and intelligent. The record indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See* May 5, 2006, Plea Minute Sheet (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that he fully understood the charges against him and the consequences of the plea, explained the terms and conditions of the proposed plea agreement, and otherwise

ensured that the plea was freely, voluntarily, and intelligently made). Mr. Lopez-Gamez has failed to put forward any evidence or colorable argument that would place the validity of the plea or plea agreement in doubt, and so any appeal on these grounds would be meritless.[2]

3. As for the possibility of appeal based on ineffective assistance of counsel, we note that, even if Mr. Lopez-Gamez had a valid claim on these grounds, such a claim is properly pursued in collateral proceedings rather than on direct appeal so that he can proceed with a record developed for that purpose. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) ("The vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction."); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

---

[2] We note also that Mr. Lopez-Gamez briefly contests the amount of methamphetamine for which he was charged and convicted. *See* Response to Anders Brief at 1-2. But because we find that Mr. Lopez-Gamez knowingly and voluntarily pled guilty to the indictment, which specified the drug amount as being in excess of 500 grams, we find no merit to this challenge. We also find no merit in Mr. Lopez-Gamez's complaint that the plea agreement and counsel's *Anders* brief were deficient because they did not specify the exact quantity of drugs he was accused of possessing. For purposes of indictment and conviction under the relevant statute, *see* 21 U.S.C. § 841(b)(1)(A)(viii), it was only necessary to specify that the quantity was in excess of 500 grams.

\* \* \*

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge